## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

JOHN GWIZDAK and         )
LORI GWIZDAK,           )
                          )
Plaintiffs,              )
                          ) Civil Action
v.                        ) File No. 1:15 CV 2657
                          )
DSY INVESTMENT GROUP, LLC;  )
CRATERS & FREIGHTERS OF    )
ATLANTA; JOSEPH D'AMICO;   )
BRETT M. STOTLER; and      )
ROBERT S. YOKLEY,        )
                          )
Defendants.            )

## DEFENDANTS' INITIAL DISCLOSURES

Defendants DSY Investment Group, LLC, KAR Investments, Inc. (improperly identified as Craters & Freighters of Atlanta), Joseph D'Amico, Brett M. Stotler, and Robert S. Yokley, by and through their undersigned counsel, hereby provide the following initial disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1:

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant Craters & Freighters of Atlanta is improperly identified. The proper identification for the company doing business as Craters & Freighters is KAR Investments, Inc. KAR Investments, Inc. ("KAR") is wholly unrelated to this action but will accept service of an amended summons and complaint reflecting the information furnished in this disclosure report.

**(2)      Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide reasons for defendant's contention.**

Defendants are not aware at this time of any parties who are necessary to this actions, but who have not been named by plaintiffs.  Defendants contend that KAR Investments, Inc. is an improper defendant to this action and that the complaint should be dismissed as against KAR Investments, Inc. The allegations in the Complaint are related solely to work allegedly performed by Plaintiffs for DSY Investment Group, LLC ("DSY").  KAR and DSY are totally separate entities, operating separate businesses.  Two of the named Defendants happen to be two of the members of KAR.  Plaintiffs' allegation that those Defendants used a Craters and Freighters email address

to communicate with one of the Plaintiffs is grossly insufficient to support an allegation that KAR and DSY are a single entity.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

DSY is an LLC owning a small mobile home park in Griffin, Georgia known as Howard's Mobile Home Park and consisting of approximately 15 mobile homes. DSY is primarily managed by Defendant Joseph D'Amico. KAR is a completely separate corporation owned in part by Defendants Brett M. Stotler and Robert S. Yokley. Defendant D'Amico owns no interest in KAR. KAR is in the business of custom crating, packaging and shipping and owns no part of Howard's Mobile Home Park. DSY and KAR are not related and are not operated as a single entity.

Neither John Gwizdak nor Lori Gwizdak was an employee of DSY, and certainly not of KAR. DSY contracted with John Gwizdak to do some repair and restoration of the mobile home units and to collect rents at Howard's Mobile Home Park. Mr. Gwizdak was informed in writing that DSY was looking for someone who could work unsupervised and responded in writing that he was skilled in many aspects of construction and was confident he could do the job. There was no discussion about also

contracting with Lori Gwizdak. To the extent Ms. Gwizdak did any work, she did it as an employee or contractor of John Gwizdak. Per the agreement between DSY and Mr. Gwizdak, Mr. Gwizdak received the use of a 3 bedroom, 2 bathroom house with all utilities paid and also received the sum of two hundred twenty-five dollars ($225.00) per week. The work performed by Mr. Gwizdak has historically been performed by a single individual in less than 40 hours per week. Mr. Gwizdak worked unsupervised, with only occasional visits from D'Amico and very rare visits from Yokley or Stotler. Mr. Gwizdak paid himself every week in cash out of the rents he collected. Mr. Gwizdak was, by his own estimation, a skilled craftsman, was not trained by any of the Defendants, was not supervised by any of the Defendants, used his own tools and worked at his own pace.

Neither Plaintiff was covered by the FLSA. All work performed was performed at the mobile home park on mobile home units which are permanent fixtures in the park. There was no participation in "the movement of persons or things in interstate commerce". Further DSY does not have at least two employees engaged in interstate commerce and has gross sales of significantly less than $500,000. Defendants incorporate by reference the affirmative defenses set forth in Defendants' answers and amended answers

to Plaintiffs' complaint and all facts set forth in Defendant KAR's Motion to Dismiss and Memorandum in Support, which speak for themselves.

**(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendants intend to rely upon the established body of case law, regulations, and opinions interpreting the procedural and substantive requirements of the Fair Labor Standards Act as well as the provisions of the Act itself. Defendants also intend to rely upon the established body of case law interpreting O.C.G.A. 34-4-3 and the statue itself.  Defendants also intend to rely upon principles and established law concerning quantum meruit, unjust enrichment, and what damages, if any, Plaintiffs are entitled to recover.

**(5)     Provide the name, and if known, the address and telephone number of each person likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

See Attachment "A".

**(6)     Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of**

**Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

At this time Defendants have not designated any expert witness, but reserve the right to do so at a later time.

**(7)      Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

See attachment "C".

**(8)      In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the document or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.**

Defendants have not asserted any claims against Plaintiffs, but reserve the right to do so at a later time. Defendants intend to seek the recovery of their costs and attorney's fees in this matter where applicable.

**(9)** **If Defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants are unaware of any such persons or legal entities at this time.

**(10)** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Defendants are not aware of any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action.

Respectfully submitted this 23rd day of September, 2015.

      */s/ Loretta A. Smith*
Loretta A. Smith
Georgia Bar No. 602079
3855 Oakview Drive
Suite 105
Powder Springs, Georgia 30127
Phone: 678-310-8002
Fax: (866) 788-8827

*Counsel for Defendants*

## **CERTIFICATION**

In accordance with Civil Local Rule 5.1C and 7.1D, I hereby certify

that this document has been prepared in 14 point, Times New Roman font.

_/s/ Loretta A. Smith_
Loretta A. Smith

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

DEFENDANTS' INITIAL DISCLOSURES has been filed via the electronic

filing system which will automatically serve the following counsel of record:

> Robert N. Marx
> Jean Simonoff Marx
> MARX & MARX, LLC
> 5555 Glenridge Connector
> Suite 200
> Atlanta, Georgia 30342

This 23rd day of September, 2015.

> /s/*Loretta A. Smith*
> Loretta A. Smith

# ATTACHMENT "A"

1. All witnesses identified in Plaintiffs' Initial Disclosures.

2. John Gwizdak.  Plaintiff has knowledge of facts which support or refute his claims.

3. Lori Gwizdak.  Plaintiff has knowledge of facts which support or refute her claims.

4. Joseph D'Amico. Contact through Defendants' Counsel.  Mr. D'Amico has knowledge of John Gwizdak's agreement with DSY and of the work performed by Mr. Gwizdak for DSY.

5. Brett M. Stotler.   Contact through Defendants' Counsel.  Mr. Stotler has knowledge of John Gwizdak's agreement with DSY and of the work performed by Mr. Gwizdak for DSY.

6. Robert S. Yokley.  Contact through Defendants' Counsel.  Mr. Yokley has knowledge of John Gwizdak's agreement with DSY and of the work performed by Mr. Gwizdak for DSY.

7. David Amos.  Contact through Defendants' Counsel.  Mr. Amos has knowledge of John Gwizdak's agreement with DSY and of the work performed by Mr. Gwizdak for DSY.

8. Various current or former tenants who were residents of Howard's Mobile Home Park during the relevant period.   Specific contact

information will be provided when any such tenants are identified and located. Such tenants should have knowledge of the work performed by Mr. Gwizdak for DSY and the hours worked.

Defendants anticipate there may be other witnesses with relevant information. Defendants reserve the right to supplement this response or otherwise put Plaintiffs timely on notice of such witnesses.

## ATTACHMENT "C"

1. Any documents produced by Plaintiffs or Defendants.

2. Documents identified in Plaintiffs' Initial Disclosures

3. Communications between Plaintiff John Gwizdak and Defendants regarding Plaintiff John Gwizdak's agreement to perform services on behalf of Defendant DSY.

4. Documents reflecting or relating to work performed by John Gwizdak on behalf of Defendant DSY.

5. Documents reflecting or relating to compensation received by John Gwizdak, including financial records of Howard's Mobile Home Park and documents related to the utility costs and the cost of the housing provided to John Gwizdak.

6. Balance sheets, tax returns and other financial records of DSY and/or Howard's Mobile Home Park.

Defendants anticipate there may be other documents supporting their allegations and defenses in this case. Defendants reserve the right to supplement this response or otherwise put Plaintiffs timely on notice of such documents.