IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN GWIZDAK
and LORI GWIZDAK,

    Plaintiffs,

vs.

DSY INVESTMENT GROUP, LLC;
CRATERS & FREIGHTERS
OF ATLANTA; JOSEPH D'AMICO;
BRETT M. STOTLER; and
ROBERT S. YOKLEY,

    Defendants.

Civil Action File No.
1:15-cv-02657-LMM

**PLAINTIFFS' INITIAL DISCLOSURES**

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, unpaid minimum wages, liquidated damages, attorneys' fees and costs. Plaintiffs also raise causes of

1

action under Georgia law for unpaid minimum wages, *quantum meruit* and unjust enrichment.[1]

Plaintiff, John Gwizdak was employed by Defendants[2] from on or about March 2013 to in or about November 2014. Throughout the time that Mr. Gwizdak was employed by Defendants, he regularly worked in excess of forty (40) hours per week. Despite the fact that Mr. Gwizdak worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Gwizdak for any of that overtime.

Plaintiff, Lori Gwizdak was employed by Defendants from on or about March 2013 to in or about November 2014. At all relevant times during her employment by Defendants, Ms. Gwizdak was not paid anything at all. Throughout the time that Ms. Gwizdak was employed by Defendants, she regularly worked in excess of forty (40) hours per week. Despite the fact that Ms. Gwizdak worked more than forty (40) hours per week on a regular basis, Defendants did not pay Ms. Gwizdak for any of that overtime.

---

[1] Plaintiffs will seek to amend the Complaint to add a cause of action for conversion based on Defendants' failure to return Plaintiff John Gwizdak's tools when he was ejected from Defendants' property.

[2] Defendants assert that the proper legal name of Craters & Freighters of Atlanta is KAR Investments, Inc., and agree to accept service of an amended summons. (Docs. 18, 19, p. 2). Plaintiffs will seek leave to amend the Complaint and request issuance of an amended summons promptly after filing these Initial Disclosures.

The legal issues to be tried are as follows:

1) Whether Defendants constituted a single integrated enterprise for purpose of coverage under the FLSA;

2) Whether Defendants were joint employers of Plaintiffs for purpose of liability under the FLSA;

3) Whether Defendants suffered Plaintiffs to work more than forty (40) hours per week;

4) Whether Defendants failed to pay Plaintiffs overtime pay for all hours worked in a work week that were in excess of forty (40) hours;

5) Whether Defendants failed to pay Plaintiffs minimum wage under the FLSA;

6) The amount of damages, including liquidated damages under the FLSA, to which Plaintiffs are entitled;

7) Whether Defendants failed to pay Plaintiffs minimum wage under Georgia law;

8) The amount of damages to which Plaintiffs are entitled for Defendants' failure to pay Georgia minimum wage;

9) Whether Defendants are liable to the Plaintiffs under Georgia common law actions for *quantum meruit* and/or unjust enrichment; and

10) The amount of damages to which Plaintiffs are entitled under Georgia common law actions for *quantum meruit* and/or for unjust enrichment.[3]

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action:**

29 U.S.C. §§201 *et seq.* ("FLSA"); O.C.G.A §34-4-3 (Georgia minimum wage).

**(3) Provide the name, and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody and control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered,**

---

[3] If the Court grants leave to amend the Complaint (*See*, n.1, *supra*) another legal question will be whether Defendants unlawfully converted Plaintiff John Gwizdak's property, and if so, the amount of damages to which Mr. Gwizdak is entitled.

**making such documents or evidentiary material available for inspection or copying as under Fed. R.Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Mandatory Disclosures as Attachment E.)**

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

No parties have any subrogation interest in this matter.

## Attachment A

John Gwizdak
Mr. Gwizdak is one of the Plaintiffs and will testify to the allegations of the complaint.

Lori Gwizdak
Ms. Gwizdak is one of the Plaintiffs and will testify to the allegations of the complaint.

Plaintiffs reserve the right to supplement this Attachment based on discovery in this matter.

## Attachment B

Plaintiffs have not yet identified any expert testimony. Plaintiffs reserve the right to supplement this attachment as a result of discovery in this matter.

## Attachment C

Documents to be produced by Defendants from the personnel and payroll files of Plaintiffs. Emails to and from Plaintiffs. Plaintiffs reserve the right to supplement this attachment as a result of discovery in this matter.

Attachment D

Plaintiffs have insufficient information to respond to this interrogatory in advance of the discovery identified above. Nevertheless, Plaintiffs provide this good faith estimate of their damages pursuant to the methodology described below:

John Gwizdak

Mr. Gwizdak was paid $225.00 per week. That amounts to $5.62 per hour for a 40 hour week. Since the Federal minimum wage is $7.25 per hour, Mr. Gwizdak was underpaid $1.63 per hour for 40 hours, or a total of $65.20 per week. Mr. Gwizdak worked 40 hours of overtime per week on average, which should have been paid at $10.88 per week ($7.25 x 1.5), for a total of $435.20 per week. For 78 weeks of employment, Mr. Gwizdak is thus owed a total of $39,031.50 in unpaid minimum wage and overtime. Liquidated, this amounts to a grant total of $78,062.40. Plaintiffs acknowledge that this estimate will need to be adjusted based on the fair market value of the accommodations provided by Defendants, which Plaintiffs are unable to estimate in advance of discovery.[4]

Lori Gwizdak

Ms. Gwizdak worked about 20 hours of overtime per week on average for Defendants. She was not paid anything at all. Thus for each week, Ms. Gwizdak is owed 40 hours at $7.25 and 20 hours at $10.88, for a total of $507.60 per week. For 78 weeks, that amounts to $39,592.80. Liquidated, that amounts to a grand total of $79,185.60.

Plaintiffs reserve the right to supplement this response based on discovery in this matter.

Attachment E

Plaintiffs have insufficient information to respond to this interrogatory.

Respectfully submitted this 19th day of October 2015.

    s/Robert N. Marx
Robert N. Marx
Georgia Bar Number 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Attorneys for Plaintiffs

---

[4] If the Court grants leave to amend the Complaint (*See*, n.1, *supra*), Plaintiff John Gwizdak estimates the value of the tools that Defendants converted as approximately thirty thousand dollars ($30,000.00).

>Marx & Marx, L.L.C.
>5555 Glenridge Connector
>Suite 200
>Atlanta, Georgia 30342
>Telephone:  (404) 261-9559
>E-mail:  lawyers@marxlawgroup.com

CERTIFICATE OF COMPLIANCE

In accordance with L.R. 7.1(D), counsel for Plaintiff hereby certifies that this document was prepared in Times New Roman, 14-point font, as permitted by L.R. 5.1(B).

>s/Robert N. Marx_____
>Robert N. Marx

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN GWIZDAK
and LORI GWIZDAK,

    Plaintiffs,

vs.

DSY INVESTMENT GROUP, LLC;
CRATERS & FREIGHTERS
OF ATLANTA; JOSEPH D'AMICO;
BRETT M. STOTLER; and
ROBERT S. YOKLEY,

    Defendants.

Civil Action File No.
1:15-cv-02657-LMM

## CERTIFICATE OF SERVICE

This is to certify that on October 19, 2015, I electronically filed: **Plaintiff's Initial Disclosures,** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Loretta Ann Smith
    Law Office of Loretta A. Smith
    Suite 105
    3855 Oakview Drive
    Powder Springs, GA 30127
    lorettasmithlaw@comcast.net

Respectfully submitted, this 19th day of October 2015.

                    <u>s/Robert N. Marx</u>
                    Georgia Bar Number 475280
                    Marx & Marx, L.L.C.
                    Attorneys for Plaintiffs
                    5555 Glenridge Connector, Suite 200
                    Atlanta, Georgia 30342
                    Telephone:  (404) 261-9559
                    E-mail:  lawyers@marxlawgroup.com