IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN GWIZDAK                              x
and LORI GWIZDAK,

          Plaintiffs,                  :

                            :   Civil Action File No.
vs.                                           1:15-cv-02657-LMM

                            :

DSY INVESTMENT GROUP, LLC;
KAR INVESTMENTS, INC. d/b/a:         :   <u>JURY TRIAL DEMANDED</u>
CRATERS & FREIGHTERS OF
ATLANTA; JOSEPH D'AMICO;              :
BRETT M. STOTLER; and
ROBERT S. YOKLEY,                        :

          Defendants.                 :

-----------------------------------------------------x

**AMENDED COMPLAINT [Revised Proposed]**

Plaintiffs, John Gwizdak and Lori Gwizdak, by and through their counsel of

record, Robert N. Marx of Marx & Marx, L.L.C., as and for their Amended

Complaint, respectfully allege as follows:

<u>PARTIES</u>

1.

Plaintiff, John Gwizdak, (hereinafter "Mr. Gwizdak") is a natural born

United States citizen residing in the Northern District of Georgia.

1

2.

Plaintiff, Lori Gwizdak, (hereinafter "Ms. Gwizdak") is a natural born United States citizen residing in the Northern District of Georgia.

3.

On information and belief, Defendant DSY Investment Group, LLC ("DSY") is a domestic corporation doing business in the Northern District of Georgia.

4.

On information and belief, the registered agent for service of process on DSY is Joseph D'Amico, 6307 Benbrooke Overlook, Acworth, Georgia, 30101.

5.

On information and belief, Defendant KAR Investments, Inc. ("KAR") is a domestic corporation doing business in the Northern District of Georgia as Craters & Freighters of Atlanta.

6.

On information and belief, the registered agent for service of process on KAR is Brett M. Stotler, 1374 Benbrooke Lane, Acworth, Georgia 30101.

7.

On information and belief, Defendant Joseph D'Amico ("Mr. D'Amico") is a natural born person residing at 6307 Benbrooke Overlook, Acworth, Georgia 30101.

8.

On information and belief, Defendant Brett M. Stotler ("Mr. Stotler") is a natural born person residing at 1374 Benbrooke Lane NW, Acworth, Georgia 30303-8491.

9.

On information and belief, Defendant Robert S. Yokley ("Mr. Yokley") is a natural born person residing at 1385 Downington Lane NW, Acworth, Georgia 30101-8405.

JURISDICTION

10.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §1331. The jurisdiction of this Court is invoked under 28 U.S.C. §1367 with respect to the causes of action under Georgia law.

<u>JURISDICTIONAL ALLEGATIONS</u>

11.

Defendant DSY is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiffs' employment.

12.

On information and belief, Defendant DSY is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

13.

On information and belief at all relevant times and continuing, DSY had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

14.

On information and belief, Defendant KAR is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiffs' employment.

15.

On information and belief, Defendant KAR is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

4

16.

On information and belief at all relevant times and continuing, KAR had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

17.

On information and belief, DSY is owned by Mr. D'Amico, Mr. Stotler and Mr. Yokley.

18.

On information and belief, at all relevant times and continuing, DSY has been operated by Mr. D'Amico, Mr. Stotler and Mr. Yokley.

19.

On information and belief, KAR is owned by Mr. Stotler and Mr. Yokley.

20.

At all relevant times and continuing, KAR has been operated by Mr. Stotler and Mr. Yokley.

21.

On information and belief, at all relevant times and continuing, Defendants Brett M. Stotler and Robert S. Yokley were officers of both Defendants DSY and KAR.

22.

Defendants Brett M. Stotler and Robert S. Yokley operated DSY and KAR as a single integrated enterprise, including, *inter alia*, using the instrumentalities of KAR to send directions to the Plaintiffs with respect to the operations of DSY. Thus, on information and belief, Defendants Brett M. Stotler and Robert S. Yokley, while in their respective capacities as officers of KAR, used KAR's email system to give directions to Plaintiffs regarding the operations of DSY.

23.

At all relevant times and continuing, Defendant Joseph D'Amico was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. D'Amico acted "directly or indirectly in the interest of an employer in relation to an employee."

24.

Mr. D'Amico actively controlled the day-to-day operations of DSY and was present on DSY's premises on a regular, routine, daily basis.

25.

On information and belief, Mr. D'Amico had the power to hire and fire employees of DSY, to determine their salaries, to assign their job duties and in all other respects to establish the terms and conditions of those employees' employment, including the Plaintiffs.

26.

At all relevant times and continuing, Defendant Brett M. Stotler was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Stotler acted "directly or indirectly in the interest of an employer in relation to an employee."

27.

On information and belief, Mr. Stotler  was an officer of both DSY and KAR.

28.

Mr. Stotler actively controlled the day-to-day operations of both DSY and KAR and was present on DSY's premises on a regular, routine, daily basis.

29.

On information and belief, Mr. Stotler had the power to hire and fire employees of both KAR and DSY, to determine their salaries, to assign their job duties and in all other respects to establish the terms and conditions of those employees' employment, including the Plaintiffs.

30.

At all relevant times and continuing, Defendant Robert S. Yokley was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr.

Yokley acted "directly or indirectly in the interest of an employer in relation to an employee."

31.

On information and belief, Mr. Yokley was an officer of both DSY and KAR.

32.

Mr. Yokley actively controlled the day-to-day operations of both DSY and KAR and was present on DSY's premises on a regular, routine, daily basis.

33.

On information and belief, Mr. Yokley had the power to hire and fire employees of both KAR and DSY, to determine their salaries, to assign their job duties and in all other respects to establish the terms and conditions of those employees' employment, including the Plaintiffs.

34.

At all relevant times, all Defendants were joint employers of both Plaintiffs within the meaning of the Fair Labor Standards Act ("FLSA").

35.

Each of the Plaintiffs was individually covered by the FLSA as he or she utilized the instrumentalities of commerce while he or she performed his or her job duties for Defendants.

VENUE

36.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern

District of Georgia is the judicial district in which a substantial part of the events

giving rise to this claim occurred.

NATURE OF THIS ACTION

37.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, unpaid minimum

wages, liquidated damages, attorneys' fees and costs. Plaintiffs also raise causes of

action under Georgia law for unpaid minimum wages, *quantum meruit* and unjust

enrichment.

FACTS

a) John Gwizdak

38.

Plaintiff, John Gwizdak was employed by Defendants from on or about

March 2013 to in or about November 2014.

39.

Mr. Gwizdak was a non-exempt employee.

40.

At all relevant times during his employment by Defendants, Mr. Gwizdak was paid on a salary basis.

41.

At all relevant times during his employment by Defendants, Mr. Gwizdak was paid two hundred and twenty-five dollars ($225.00) per week, exclusive of board, lodging or other facilities.

42.

At all relevant times during his employment by Defendants, Mr. Gwizdak did not supervise any employees.

43.

Throughout the time that Mr. Gwizdak was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

44.

Despite the fact that Mr. Gwizdak worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Gwizdak for any of that overtime.

45.

At all relevant times and continuing, Defendants individually, collectively and jointly have been and are employers within the meaning of the FLSA, 29

U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

46.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq*.

47.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

48.

Defendants' failure to pay overtime to Mr. Gwizdak was willful and deliberate.

b) <u>Lori Gwizdak</u>

49.

Plaintiff, Lori Gwizdak was employed by Defendants from on or about March 2013 to in or about November 2014.

50.

Ms. Gwizdak was a non-exempt employee.

51.

At all relevant times during her employment by Defendants, Ms. Gwizdak was not paid anything at all.

52.

At all relevant times during her employment by Defendants, Ms. Gwizdak did not supervise any employees.

53.

Throughout the time that Ms. Gwizdak was employed by Defendants, she regularly worked in excess of forty (40) hours per week.

54.

Despite the fact that Ms. Gwizdak worked more than forty (40) hours per week on a regular basis, Defendants did not pay Ms. Gwizdak for any of that overtime.

55.

At all relevant times and continuing, Defendants individually, collectively and jointly have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

56.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq*.

57.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

58.

Defendants' failure to pay overtime to Ms. Gwizdak was willful and deliberate.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>
<u>(John Gwizdak)</u>

59.

Plaintiffs incorporate the allegations of ¶¶1 – 58 to the same force and effect as if pled herein.

60.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff John Gwizdak, engaged in commerce, for work weeks longer

13

than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

<center>61.</center>

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

<center>62.</center>

Defendants owe Plaintiff John Gwizdak overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<center>
SECOND CAUSE OF ACTION
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)
(John Gwizdak)
</center>

<center>63.</center>

Plaintiffs incorporate the allegations of ¶¶1 − 62 to the same force and effect as if pled herein.

<center>64.</center>

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5)

<center>14</center>

and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by said Defendants.

<p style="text-align:center">65.</p>

Plaintiff John Gwizdak is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

<div style="text-align:center">

**THIRD CAUSE OF ACTION**
**Violation of 29 U.S.C.§§206, 216(b)**
**(Fair Labor Standards Act [FLSA])**
**(Failure to Pay Minimum Wage)**
**(John Gwizdak)**

</div>

<p style="text-align:center">66.</p>

Plaintiffs incorporate the allegations of ¶¶1 – 65 to the same force and effect as if pled herein.

<p style="text-align:center">67.</p>

Defendants repeatedly and willfully violated the provisions of §§6 and 15(a)(2) of the FLSA, 29 U.S.C. §§206 and 215(a)(2), by employing individuals, including Plaintiff John Gwizdak, engaged in commerce, without compensating such employees at the federal minimum wage rate.

<p style="text-align:center">15</p>

68.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

69.

Defendants owe Plaintiff John Gwizdak pay for work performed at the federal minimum wage rate in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<div align="center">

FOURTH CAUSE OF ACTION
O.C.G.A §34-4-3
(Failure to pay Georgia Minimum Wage)
(John Gwizdak)

</div>

70.

Plaintiffs incorporate the allegations of ¶¶1 – 69 to the same force and effect as if pled herein.

71.

Defendants failed to pay Plaintiff John Gwizdak the required minimum wage under Georgia State law, O.C.G.A. §34-4-3.

72.

Defendants owe Plaintiff John Gwizdak pay for work performed at the Georgia State minimum wage rate in an amount to be determined in this action.

## FIFTH CAUSE OF ACTION
### (Quantum Meruit)
### (John Gwizdak)

### 73.

Plaintiffs incorporate the allegations of ¶¶1 – 72 to the same force and effect as if pled herein.

### 74.

Plaintiff John Gwizdak conferred a valuable benefit upon Defendants by working for less than both the Federal and Georgia State minimum wages and by working overtime hours as requested by Defendants.

### 75.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff John Gwizdak working for less than both the Federal and Georgia State minimum wages and by working overtime hours.

### 76.

Defendants failed to compensate Plaintiff John Gwizdak at the Federal or Georgia State minimum wage, or to compensate Plaintiff John Gwizdak for the overtime hours that he worked.

77.

As a result of Defendants' failure and refusal to pay Plaintiff John Gwizdak at the Federal or Georgia State minimum wage, or for his overtime hours, Plaintiff John Gwizdak suffered a loss of wages in an amount to be determined at trial.

78.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating him at the Federal minimum wage and for all overtime hours he worked on Defendants' behalf.

SIXTH CAUSE OF ACTION
(Unjust Enrichment)
(John Gwizdak)

79.

Plaintiff incorporates the allegations of ¶¶1 – 78 to the same force and effect as if pled herein.

80.

There is no written contract between Plaintiff John Gwizdak and Defendants concerning the terms and conditions of Plaintiff John Gwizdak's employment.

81.

Plaintiff John Gwizdak conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff John Gwizdak is

adequately compensated at the Federal minimum wage and for the number of overtime hours that he worked for Defendants.

82.

Defendants have been unjustly enriched in the amount of unpaid Federal minimum wage and unpaid overtime compensation that is due and owing to Plaintiff John Gwizdak, which amount is to be determined at trial.

SEVENTH CAUSE OF ACTION
Violation of 29 U.S.C.§216(b)
(Fair Labor Standards Act [FLSA])
(Failure to Pay Overtime)
(Lori Gwizdak)

83.

Plaintiffs incorporate the allegations of ¶¶1 – 82 to the same force and effect as if pled herein.

84.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff Lori Gwizdak, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

85.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

86.

Defendants owe Plaintiff Lori Gwizdak overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<u>EIGHTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§211(c),</u>
<u>215(a)(5) and 29 CFR §516)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Maintain Time Records)</u>
<u>(Lori Gwizdak)</u>

87.

Plaintiffs incorporate the allegations of ¶¶1 – 86 to the same force and effect as if pled herein.

88.

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of

the wages, hours and other conditions and practices of employment maintained by said Defendants.

89.

Plaintiff Lori Gwizdak is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

<u>NINTH CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§206, 216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Minimum Wage)</u>
<u>(Lori Gwizdak)</u>

90.

Plaintiffs incorporate the allegations of ¶¶1 − 89 to the same force and effect as if pled herein.

91.

Defendants repeatedly and willfully violated the provisions of §§6 and 15(a)(2) of the FLSA, 29 U.S.C. §§206 and 215(a)(2), by employing individuals, including Plaintiff Lori Gwizdak, engaged in commerce, without compensating such employees at the federal minimum wage rate.

21

92.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

93.

Defendants owe Plaintiff Lori Gwizdak pay for work performed at the federal minimum wage rate in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

TENTH CAUSE OF ACTION
O.C.G.A §34-4-3
(Failure to pay Georgia Minimum Wage)
(Lori Gwizdak)

94.

Plaintiffs incorporate the allegations of ¶¶1 – 93 to the same force and effect as if pled herein.

95.

Defendants failed to pay Plaintiff Lori Gwizdak the required minimum wage under Georgia State law, O.C.G.A. §34-4-3.

96.

Defendants owe Plaintiff Lori Gwizdak pay for work performed at the Georgia State minimum wage rate in an amount to be determined in this action.

22

## ELEVENTH CAUSE OF ACTION
### (*Quantum Meruit*)
### (Lori Gwizdak)

97.

Plaintiffs incorporate the allegations of ¶¶1 – 96 to the same force and effect as if pled herein.

98.

Plaintiff Lori Gwizdak conferred a valuable benefit upon Defendants by working for less than both the Federal and Georgia State minimum wages and by working overtime hours as requested by Defendants.

99.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff Lori Gwizdak working for less than both the Federal and Georgia State minimum wages and by working overtime hours.

100.

Defendants failed to compensate Plaintiff Lori Gwizdak at the Federal or Georgia State minimum wage, or to compensate Plaintiff Lori Gwizdak for the overtime hours that she worked.

101.

As a result of Defendants' failure and refusal to pay Plaintiff Lori Gwizdak at the Federal or Georgia State minimum wage, or for her overtime hours, Plaintiff Lori Gwizdak suffered a loss of wages in an amount to be determined at trial.

102.

It would be unjust for Defendants to retain the benefit of Plaintiff's work without properly compensating her at the Federal minimum wage and for all overtime hours she worked on Defendants' behalf.

TWELFTH CAUSE OF ACTION
(Unjust Enrichment)
(Lori Gwizdak)

103.

Plaintiff incorporates the allegations of ¶¶1 – 102 to the same force and effect as if pled herein.

104.

There is no written contract between Plaintiff Lori Gwizdak and Defendants concerning the terms and conditions of Plaintiff Lori Gwizdak's employment.

105.

Plaintiff Lori Gwizdak conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff Lori Gwizdak is

adequately compensated at the Federal minimum wage and for the number of overtime hours that she worked for Defendants.

<p style="text-align:center">106.</p>

Defendants have been unjustly enriched in the amount of unpaid Federal minimum wage and unpaid overtime compensation that is due and owing to Plaintiff Lori Gwizdak, which amount is to be determined at trial.

<p style="text-align:center">REQUEST FOR RELIEF</p>

WHEREFORE Plaintiffs request that this Court:

(a) Enter judgment against Defendants awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §§15 and 16, 29 U.S.C. §§215(a)(2) and 216(b); and all other remedies allowed under the FLSA;

(b) Enter judgment against Defendants awarding Plaintiffs an amount equal to his unpaid minimum wages and overtime as liquidated damages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206;

(c) Enter judgment against Defendants awarding Plaintiffs liquidated damages for willful violation of the FLSA;

(d) Enter judgment against Defendants for *quantum meruit* under O.C.G.A. §9-2-7;

<p style="text-align:center">25</p>

(e) Enter judgment against Defendants for unjust enrichment under Georgia common law;

(f)  Enter judgment against Defendants for unpaid minimum wages under Georgia O.C.G.A. §34-4-3;

(g)  Award Plaintiffs attorneys' fees for the actions brought under Georgia State law under O.C.G.A. 13-6-11 in that the Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused the Plaintiffs unnecessary trouble and expense;

(h) Enter judgment against Defendants for pre-judgment interest on any and all amounts awarded to Plaintiffs as part of the Judgment in this action, including taxation of all allowable costs and attorney's fees;

(i) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(j) Award Plaintiffs such further and additional relief as may be just and appropriate; and

(k) Plaintiffs demand TRIAL BY JURY.

This 24th day of November 2015.

<div style="margin-left:3em">
s/ROBERT N. MARX<br>
Robert N. Marx, Esq.<br>
Georgia Bar No. 475280<br>
Jean Simonoff Marx, Esq.<br>
Georgia Bar No. 475276<br>
Marx & Marx, L.L.C.
</div>

5555 Glenridge Connector
 Suite 200
Atlanta, Georgia 30342
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiffs