# EXHIBIT A

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between JOHN GWIZDAK and LORI GWIZDAK (hereinafter, "Plaintiffs"), DSY INVESTMENT GROUP, LLC, KAR INVESTMENTS, INC. d/b/a CRATERS & FREIGHTERS OF ATLANTA, JOSEPH D'AMICO, BRETT M. STOTLER and ROBERT S. YOKLEY (hereinafter collectively, "Defendants").

## BACKGROUND INFORMATION

A.  On July 27, 2015, Plaintiffs filed a complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *John Gwizdak and Lori Gwizdak, Plaintiffs, v. DSY Investment Group, LLC, Craters & Freighters of Atlanta[1], Joseph D'Amico, Brett M. Stotler and Robert S. Yokley, Defendants,* Civil Action No. 1:15-cv-02657- LMM (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work allegedly performed by Plaintiffs for Defendants.

---

[1] The Complaint was subsequently amended to correctly name this Defendant as KAR Investments, Inc. d/b/a Craters & Freighters of Atlanta.

1

B.   Pursuant to the Litigation, Plaintiffs allege that Defendants intentionally and willfully failed to pay them overtime compensation and/or minimum wage compensation on one or more workweeks during the three-year period preceding the filing of the Litigation as required under the Fair Labor Standards Act (29 U.S.C. §§201 *et seq.*, "FLSA").

C.   Defendants deny Plaintiffs' allegations and contend instead that Plaintiffs were independent contractors and/or were not employed by Defendants. Defendants further assert that KAR Investments, Inc. is not a proper party to the Litigation, that DSY Investment Group, LLC was not engaged in interstate commerce and/or did not have the minimum amount of revenue necessary for jurisdiction under the FLSA, and that Defendants have acted at all times in good faith compliance with all federal and state laws.

D.   Despite their conflicting views, Plaintiffs and Defendants desire to enter into an agreement resolving and settling all claims by Plaintiffs against Defendants and all those to be released in this Settlement Agreement, reciting the following terms and conditions.

E.   Plaintiffs warrant and represent that they have not assigned any of their claims against Defendants or any other person or entity to be released in this

2

Settlement Agreement and that no attorneys other than Robert N. Marx and Jean Simonoff Marx of Marx & Marx, LLC, have a claim for attorneys' fees and/or costs arising from Plaintiffs' claims released in this Settlement Agreement.

F.  This Agreement constitutes a good faith settlement of all of Plaintiffs' disputed claims against Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that Defendants, or any of their officers, employees, and/or other agents (including any parent, subsidiary, successor, assign, or other entity related to or affiliated with DSY Investment Group, LLC and/or KAR Investments, Inc. or any of the Defendants) acted contrary to law or violated the rights of Plaintiffs or any other person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

1.  Consideration. In consideration of this Agreement and other good and sufficient consideration, including Plaintiffs' agreement to dismiss with prejudice the Litigation, Defendants will cause to be tendered to Plaintiffs the gross amount

3

of **SIXTY-SIX THOUSAND TWO HUNDRED AND FIFTY DOLLARS ($66,250.00)** payable as follows, and subject to the provisions of Section 3 below:

    a. **$9,566.54** payable to JOHN GWIZDAK, which must be received by Plaintiffs' counsel on or before two (2) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below;

    b. **$9,566.54** payable to LORI GWIZDAK, which must be received by Plaintiffs' counsel on or before two (2) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below;

    c. **$13,991.92** payable to MARX & MARX, L.L.C., as attorneys' fees, which must be received by Plaintiffs' counsel on or before two (2) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below;

4

    d. **$9,937.50** payable to JOHN GWIZDAK, which must be received by Plaintiffs' counsel on or before thirty (30) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below;

    e. **$9,937.50** payable to LORI GWIZDAK, which must be received by Plaintiffs' counsel on or before thirty (30) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below; and

    f. **$13,250.00** payable to Marx & Marx, LLC for Plaintiff's attorney's fees and costs of litigation, which must be received by Plaintiff's counsel on or before thirty (30) days (or the next business day if such day is a weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 3, below.

The settlement amounts paid to Plaintiffs shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") and reported in

5

box # 3 on IRS Form 1099-MISC and its state tax equivalent. Plaintiffs represent and warrant that the payments set forth in Sections (a), (b), (d) and (e) constitute full accord and satisfaction of Plaintiffs' claims for alleged unpaid back wages and alleged liquidated damages under the FLSA net of any attorney's fees and costs. The settlement amounts paid to Plaintiffs' counsel of record for fees and costs under Sections (c) and (f) constitute payment of Plaintiffs' attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be 1099 Payments paid in separate checks payable to Marx & Marx, LLC in the amounts stated above and reported in box # 14 on IRS Form 1099-MISC. Prior to any payments set forth above, Plaintiffs' counsel shall provide Defendants' counsel with an IRS form W-9 reflecting Plaintiffs' counsel's tax identification number.

2. <u>Timeliness of Payments and Retention of Jurisdiction</u>

If any of the aforesaid payments are not received by the date due as provided herein, Defendants agree that they will pay an additional one-time penalty of one percent of the settlement amount, or six hundred and sixty-two dollars and fifty cents ($662.50), which shall be paid by check payable to MARX & MARX,

6

L.L.C., JOHN GWIZDAK and LORI GWIZDAK to be sent by Defendants and/or Defendants' counsel to Plaintiffs' counsel within a reasonable time after the aforesaid default in payment. The parties agree that the Court shall retain jurisdiction over this matter for the limited purpose of enforcing this Settlement Agreement and Full and Final Release of All Claims.

  3. <u>Settlement Approval</u>.  All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of this Agreement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary.  After the Court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within the deadlines set forth in sub-paragraphs 1(a) – (f), above.  If the District Court does not approve this Agreement, it shall be void *ab initio*.

  4. <u>Dismissal</u>.  Upon judicial approval of the Agreement and Plaintiffs' receipt of the payments, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as

7

Attachment A, with the court within three (3) business days.

5. <u>Mutual Release & Waiver of All Claims</u>.  In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby **RELEASE AND FOREVER DISCHARGE** each other and their owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs, successors and assigns, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Settlement Agreement and Release; which release especially shall include any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, Plaintiffs' employment with Defendants, including, but not

8

limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; ADEA; the OWBPA; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise of the United States or the State of Georgia. Plaintiffs agree that they will not attempt (or authorize an attempt) to re-initiate the FLSA claims and any other claims hereby released in any manner, and waive the right to recover in any lawsuit or administrative proceeding, whether brought by themselves or by the Secretary of Labor, arising out of, either directly or indirectly, their employment with Defendants.

6. Execution. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so.

7. <u>Entire Release</u>. Plaintiffs affirm that the only consideration for their decision to execute and their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they fully understand the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that they have consulted legal counsel before executing the Agreement.

8. <u>Amendments</u>. Any modification or change to this Agreement must be made in writing and signed by all Parties.

9. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

10. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

_____
JOHN GWIZDAK
5/24/2016
Date

_____
LORI GWIZDAK
5/24/2016
Date

_____
JOSEPH D'AMICO
5/26/16
Date

_____
BRETT M. STOTLER
5/25/16
Date

_____
ROBERT S. YOKLEY
5/25/16
Date

DSY INVESTMENT GROUP, LLC

BY: _____

TITLE: PARTNER

5/26/16
Date

KAR INVESTMENTS, INC.

BY: _____

TITLE: Pres.

5/25/16
Date

11

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN GWIZDAK<br>and LORI GWIZDAK, | x<br>:<br>: | |
| Plaintiffs, | : | |
| vs. | : | Civil Action File No.<br>1:15-cv-02657-LMM |
| | : | |
| DSY INVESTMENT GROUP, LLC;<br>KAR INVESTMENTS, INC. d/b/a:<br>CRATERS & FREIGHTERS OF<br>ATLANTA; JOSEPH D'AMICO;<br>BRETT M. STOTLER; and<br>ROBERT S. YOKLEY, | :<br>:<br>:<br>: | |
| Defendants. | : | |

---------------------------------------------------x

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

12

Respectfully submitted, this ___ day of _____, 2016.

| | |
|---|---|
| /s/Robert N. Marx | /s/Loretta Ann Smith |
| Robert N. Marx | Loretta Ann Smith |
| Georgia Bar No. 475280 | Georgia Bar No. 602079 |
| Jean Simonoff Marx | LAW OFFICE OF LORETTA A SMITH |
| Georgia Bar No. 475276 | 3855 Oakview Drive |
| MARX & MARX, LLC | Suite 105 |
| 5555 Glenridge Connector | Powder Springs, GA 30127 |
| Suite 200 | Telephone: (678) 310-8002 |
| Atlanta, GA 30342 | Email: lorettasmithlaw@comcast.net |
| Telephone: (404) 261-9559 | |
| Email: lawyers@marxlawgroup.com | Attorney for Defendants |
| | |
| Attorneys for Plaintiffs | |

13